# In the United States Court of Appeals for the Fifth Circuit

_____

IN RE: TIFFANY HAIRE

U.S. COURT OF APPEALS
RECEIVED
May 13, 2024
FIFTH CIRCUIT

### Original Proceeding from the United States District Court For the Northern District of Texas, Dallas Division
### Case No. 3:21-cv-3127

_____

The undersigned certifies the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate their possible recusal or disqualification:

1. **Petitioner and Counsel:**

Petitioner and Appellant below is Tiffany Haire. Haire is proceeding *Pro Se* in the Fifth Circuit

Tiffany Haire
3780 Waterford Drive
Addison, TX 75001
214-727-615
tiffanydhaire@gmail.com

*Pro Se Plaintiff*

## STATEMENT OF RELIEF SOUGHT

Haire requests a writ directing the district court to vacate its order granting Defendants' Motion for Summary Judgment and subsequent dismissal of Petitioner's case.

## STANDARD OF REVIEW

Mandamus relief is appropriate "when the trial court has exceeded it jurisdiction or has declined to exercise it, or when the trial court has so clearly and indisputably abused its discretion as to compel prompt intervention by the appellate court." In re Avantel, S.A., 343 F.3rd 311, 317 (5th Cir 2003) (quoting In re Dresser Indus., Inc., 972 F.2d 540, 543 (5th Cir. 1922); cf. Wiwa v. Royal Dutch Petrol. Co., 392 F.3d 812, 817 (5th Cir. 2004).

## STATEMENT OF THE FACTS

Petitioner's brief is currently due on May 13, 2024. Petitioner's brief was originally due on April 29, 2024; however, Petitioner had to request an extension solely because of her appeals attorney's failure to take any action on this appeal and the representation was terminated. Petitioner is proceeding in this matter pro se, just as she has throughout the entire course of the case while it was in the Northern District of Texas. Since this lawsuit was filed on December 15, 2021, Petitioner has never missed a deadline. To the extent that this Writ is filed on the day that her brief is also due, Petitioner requests an emergency stay of the appeal pending a decision of this Writ.

While reviewing the record on appeal to prepare her brief, Petitioner came to the realization that the Order granting Defendants' Motion for Summary Judgment ("MSJ") signed on January 16, 2024 (Dkt 228) appears to be Interlocutory, because it does not dispose of all claims and all matters in this lawsuit, and because it relies on no discovery, properly admitted evidence, affidavits, exhibits, or any other appropriate court documents to support such a Motion, because no such documents exist in this case. No Hearings were held on this matter, despite multiple requests from both sides.

If the MSJ Order is Interlocutory, then this Court does not have jurisdiction to hear this appeal, submission of an Appellant's brief would be inappropriate, and she would run the risk of her appeal being dismissed for lack of jurisdiction. Under normal circumstances, and in the interest of fairness and justice, the case would be re-opened and sent back to the trial court for further proceedings; however, Petitioner points out that the trial court failed to conduct discovery, admit evidence, conduct hearings, or set a trial date, despite Petitioner's efforts to adhere to the court's requirements.

The trial court also ignored Petitioner's responses to Defendants' MSJ and her Objections to the Magistrate's Findings Conclusions and Recommendations (Dkt 223) and therefore abused its discretion when it granted summary judgment and dismissed her case.

The district judge's subsequent judgment dismissing this case is ambiguous, and everyone is left to guess exactly why her case was dismissed.

As a result of the District Judge's failure to recognize Petitioner's response to the MSJ and objections of the Magistrate's Findings, Conclusions and Recommendations, the case was improperly dismissed *sua sponte*, and not based on the merits of the case or on any statement of facts disclosed by the pleadings or evidence upon which the right of recovery depends. Because there was no discovery, evidence, transcripts, documents, exhibits, or other documents that could be reasonably relied upon to support Defendant's MSJ, the case cannot be dismissed.

Petitioner demanded a jury trial but was never granted one. She requested hearings but was never granted one. She has been deprived of due process by the trial court. This Court must recognize that Petitioner's due process and Fourteenth Amendment rights are being violated.

In addition to the District Judge's failure to issue the required response to Petitioner's Objections to the Findings and Recommendations to the Magistrate Judge related to Defendant's MSJ, the District Judge also failed to issue rulings on Petitioner's challenged rulings on the Magistrate's Pre-trial Orders:

167, 170, 178, 180, 190, 195, 207, 211, 212.

## CONCLUSION

The District Court's dismissal of the case is unjustifiable, and constitutes an egregious abuse of discretion. If ever the extraordinary remedy

of a writ of mandamus is warranted, it is here. The district court's order must be vacated and judgment rendered in favor of the Petitioner, Tiffany Haire.

## CERTIFICATE OF COMPLIANCE

I, Tiffany Haire, undersigned, certify that:

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. 3 App. P. 32(f), this document contains 953 words, as determined by Microsoft Office Word 365 word processing software.

2. This document complies with the typeface requirement of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in Times New Roman.

/s/ Tiffany Haire
Tiffany Haire
3780 Waterford Dr.
Addison, TX 75001
Phone Number: 214-727-6155
Email: tiffanydhaire@gmail.com

## CERTIFICATE OF SERVICE

I certify that the above and foregoing was filed with the Clerk via the Court's approved Pro Se Email and served on all counsel of record via U.S. Mail.

/s/ Tiffany Haire
Tiffany Haire